IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELVIN D. BUNDY,)
)
Plaintiff,)
)
vs.) Civil Action No. 09-1585
)
COMMISSIONER OF SOCIAL SECURITY,)
)
Defendant.)

ORDER

AND NOW, this 3rd day of January, 2011, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither

1

reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

As stated above, substantial record evidence supports the decision of the Administrative Law Judge ("ALJ") that Plaintiff is not disabled under the Social Security Act (the "Act"). In so finding, the Court notes that a physician's statement that a claimant is "disabled" or "unable to work" is not binding on the ALJ, as opinions as to whether a claimant is disabled is reserved to the Commissioner of Social Security. See 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1); Griffin v. Commissioner of Soc. Sec., 305 Fed. Appx. 886, 891 (3d Cir. 2009). Accordingly, the ALJ was not required to accept the opinion of Dr. Colin C. Sanner, M.D., that Plaintiff was "permanently disabled."

The Court further notes, however, that Plaintiff appears to request that the Court consider documents attached to his brief (Doc. No. 12) that were not considered by the ALJ in issuing his September 3, 2008 opinion. It is well-established that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001). Accordingly, the Court cannot rely on these documents in making its determination here.

However, a district court can remand a case on the basis of new evidence under sentence six of 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

Therefore, to remand a case based on new evidence which has not been presented to the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. See Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). Although Plaintiff has not specifically asked this Court for a remand based on new evidence, even if he had, the Court would deny the request because Plaintiff has failed to meet his burden.

The information contained in the material attached to Plaintiff's brief includes medical records from UPMC Montefiore dated March 24, 2010, a September 18, 2008 letter from Dr. Asim Roy, a copy of Plaintiff's request for review of the ALJ's decision by the Appeals Council, a March 9, 2010 letter from Dr. Roy, a Pennsylvania Department of Public Welfare Health-Sustaining Medication Assessment Form completed by Melissa Gluck, M.D., on March 31, 2010, indicating that Plaintiff was temporarily disabled from March 24, 2010 through October 1, 2010, and an incomplete, unsigned, and undated Pennsylvania Department of Public Welfare Employability Assessment Form. The request for review is already part of the administrative record and is therefore cumulative and does not justify a remand.

The Court will assume that the other materials contain new information. Nonetheless, even if this information is new, it is not material. The incomplete Employability Assessment Form has no relevance whatsoever. The letters from Dr. Roy are also not material. For the reasons explained above, the ALJ was not required to accept the opinion set forth in Dr. Roy's 2008 letter that Plaintiff was "permanently disabled at this time," because the determination as to disability is left to the Commissioner. There is no information in that letter that would explain why or how Plaintiff is limited in his ability to engage in substantial gainful activity other than, arguably, reference to his epilepsy, the effects of which are already well-established in the record. The 2010 letter from Dr. Roy actually demonstrates that Plaintiff's condition has improved since the doctor's 2008 letter. The 2010 letter states that Plaintiff's seizures "interfere to some degree with his ability to be gainfully employed depending, especially if his job requires certain risks." This demonstrates that Dr. Roy no longer considered Plaintiff's condition to be disabling, but, rather, that he considered his condition merely to interfere with jobs involving certain risks. Not only does this opinion demonstrate an improvement in Plaintiff's condition, it is consistent with the ALJ's findings regarding Plaintiff's residual functional capacity, whereby he found that Plaintiff "must avoid all exposure to hazards (such as heights, machinery, etc.)." Therefore, there is no reasonable possibility that the letters would have changed the outcome of the determination, and remand is not warranted based on this evidence.

As to the March 24 medical records, there is no indication that these records relate back to the period ending on September 3, 2008. "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition." Szubak, 745 F.2d at 833. See also Wilson v. Halter, No. Civ. A 00-468, 2001 WL 410542, at *4 (E.D. Pa. Apr. 18, 2001). As noted, the ALJ's decision in this case was issued on September 3, 2008. These records are from approximately a year and a half later. Likewise, the March 31, 2010 Health-Sustaining Medication Assessment Form, while it does discuss Plaintiff's January 24, 2009 heart attack and his coronary artery disease, does not indicate that these conditions relate to the period ending in September of 2008. Moreover, the form in no way explains how

3

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 11) is DENIED and defendant's Motion for Summary Judgment (document No. 13) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:        Counsel of record

cc:         Melvin D. Bundy
            1803 Graham Boulevard
            Pittsburgh, PA   15235
            (forwarded certified mail, return receipt requested;
              and regular first class mail)

---

these conditions, or Plaintiff's ongoing seizure disorder, lead to any work restrictions that would render Plaintiff disabled under the Act. Again, Dr. Gluck's opinion about Plaintiff's temporary disability is not binding, and, in any event, the dates of the opined temporary disability only further confirm that Dr. Gluck's opinion does not relate to the time period for which benefits were denied. These materials, therefore, do not relate to the time period addressed by the ALJ and are, therefore, immaterial to the ALJ's decision. To the extent that the information suggests a later-acquired disability or subsequent deterioration of Plaintiff's condition, he can, of course, file a new application for benefits.

As noted, most of the new material attached to Plaintiff's brief greatly post-dates the ALJ's decision, so there is no real issue as to whether Plaintiff has demonstrated good cause for not having incorporated the majority of the proffered new evidence into the administrative record. As to the only proffered evidence reasonably contemporaneous with the ALJ's decision, Dr. Roy's 2008 letter, Plaintiff has made no attempt to show why this letter was not made part of the record prior to the ALJ's decision. The hearing before the ALJ in this case was on June 20, 2008, three months before Plaintiff obtained the letter. Plaintiff's attorney indicated at the hearing that he would provide additional medical information within three days. Waiting three months to obtain the letter from Dr. Roy when any additional evidence was expected within three days is not reasonable, and Plaintiff offers no argument to the contrary. Thus, even if the letter was material, which it was not, Plaintiff has failed to demonstrate good cause for not presenting it before the ALJ.

Accordingly, a new evidence remand is not warranted.

4